STATE LIFE INSURANCE COMPANY, Respondent, v. SCHWARZKOPF, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. **CONTRACT: Cancellation for Violation: "Immediately."**
Where a contract of agency authorizes the principal to terminate the same immediately, without notice on violation of its terms by the agent, the term "immediately" means within a reasonable time.

2. ————: ————: **Reasonable Time.** Where an insurance company, having such a contract with its agent, requested that the agent make a report upon the number of policies he was holding, as provided in the contract, the agent was not, as a matter of law, entitled to twenty-four hours in which to make such report before the company could terminate the contract on account of his failure to report.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

BLAND, P. J.—On January 11, 1901, plaintiff, an incorporated life insurance company doing business in this State, and the defendant entered into a written contract whereby the plaintiff appointed the defendant its general agent, of the city of St. Louis, to solicit life insurance, deliver policies and collect the first year's premium thereon, for a stipulated commission on the amount of such premiums collected by the defendant.

The contract contained the following clause:

"Sixth. The first premiums on policies issued on account of the said second party shall be promptly remitted to the first party as herein provided, and in case

any policy has not been delivered and paid for within sixty days of the date of issuance, such policy must be returned to the first party for cancellation or reissuance as the company may determine. Provided, that nothing herein contained shall imply that if any policy or policies, or renewal receipts are delivered and paid for, report and remittance of proceeds can be deferred until the expiration of sixty days.

"Seventh. It is understood that all premiums payable under policies issued by said party must be paid in cash in advance as and when the premium becomes due, and that no note or promise to pay will be accepted in payment, or in part payment of any premium.

"Twelfth. All collections made under this agreement shall be promptly paid over to said party of the first part, making such deductions only as are herein allowed; and the said party of the second part hereby agrees to hold securely all moneys belonging to said company in trust separate and distinct from all other funds, and in no case whatever to make any personal or other use of such funds, except to remit them as aforesaid, and shall return at the proper time, or on demand to said company, all uncollected premium receipts, or undelivered policies sent to said party of the second part for delivery and collection, and shall comply with all such rules as said party of the first part may have established, or shall hereafter establish, and shall perform such other necessary duties as may be required in connection with the general business of the said company without further compensation than the commissions as aforesaid.

"Thirteenth. It is expressly stipulated and agreed between the parties hereto that in case the said party of the second part shall withhold any funds, policies or receipts belonging to the said party of the first part, or to a rejected applicant, after such fund, policies or receipts shall have been demanded from the said party of the second part in writing by the said party of the

first part, then this contract shall, at the option of the party of the first part, be absolutely null and void, and all claims whatsoever accrued or to accrue under the same shall be forfeited to the said party of the first part unconditionally; but nothing herein shall be construed to affect any claims of the said party of the first part or the said party of the second part, and in case the said party of the second part fails to comply with any other of the conditions of this contract then the same may be immediately terminated by the said party of the first part, without previous notice, and the right to any commissions thereafter shall be forfeited to the said party of the first part unconditionally.

"Eighteenth. This contract shall terminate immediately without notice or other action of the company when at any time any of its conditions are not fulfilled or are violated by the party of the second part, but nothing herein contained shall be construed to affect any claims of the said party of the first part on the said party of the second part that may have accrued hereunder."

Defendant entered upon the performance of his duties under the contract and continued to act as general agent of the plaintiff until the twelfth day of November, 1901, when his agency was terminated by plaintiff. At the time of the termination of the agency, plaintiff was in possession of some office furniture, United States revenue stamps, life insurance policies, books and stationery, which plaintiff claimed as its property and which it demanded of defendant. Defendant refused to surrender the property and this suit in replevin was brought for the recovery of the possession of it. Plaintiff furnished the required delivery bond and the property was taken from defendant's possession and delivered to the plaintiff. A trial was had before the court without a jury resulting in a judgment for plaintiff from which defendant appealed.

The evidence tends to show that the articles of furniture replevied were furnished and paid for by the plaintiff for the purpose of fitting up defendant's office, and that the policies, books, stationery, etc., taken by virtue of the writ, were also furnished by plaintiff and were its property. It further shows that the defendant held back his reports on policies beyond the period in which he agreed in the contract to forward them and, on the twelfth day of November, when a demand was made on him, by an authorized agent of plaintiff, to make an immediate report on the number of policies he was holding beyond the contract period, he refused to make such report. Contradictory evidence was offered by defendant. Our province is only to look into the evidence to see if there is substantial proof in support of the finding of the trier of the facts, not to weigh the evidence. The complaint made here by defendant is that plaintiff had no right to summarily terminate his contract as it did. The evidence shows that plaintiff's agent called on defendant in the forenoon of November twelfth and requested a statement of the condition and disposition of policies that had been signed by the company and sent to him for delivery to parties who had applied for insurance, but defendant did not make the report. He was pressed from time to time during the day, to make such report until 7:30 p. m., when he was told by the agent that he must make the report that evening as he wished to return to Indianapolis, from whence he had come to get the report from defendant. Defendant refused to make the report that evening and was then and there informed that his contract was terminated.

The defendant asked the court to declare as a matter of law that he was entitled to twenty-four hours in which to make the report. The court refused to so declare the law. The contention of defendant is that the term "immediately," as used in the contract, means within a reasonable time, and that twenty-four hours

would have been a reasonable time. When the term "immediately" is used in reference to the time in which a certain thing should be done, it means within a reasonable time. To define what is a reasonable time, reference should be made to the thing to be done and the circumstances under which it is to be done. It does not seem to us that it would have taken twenty-four hours, or even one-fourth of that time, for the defendant to have counted over and made a memorandum of the policies he had not delivered to applicants for insurance, and have made a schedule of those he had delivered, and a statement of the amount of premiums he had received thereon since his last report. We think the evidence clearly shows that it was not for want of time that defendant refused to make the report but for other and entirely different reasons. Under the evidence, we think the judgment is for the right party.

The judgment is affirmed. All concur.